USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/3/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGILIO JIMENEZ,

                Plaintiff,

-against-

M.D. DIANE SOMMER, *et al.*,

                Defendants.

No. 14-cv-5166 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Virgilio Jimenez brings this action *pro se* against Defendants the United States of America ("United States"), Diane Sommer, M.D. ("Sommer"), and Bridget Baker, P.A. ("Baker") (collectively, "Defendants") alleging that Defendants were negligent with respect to their maintenance of the facility at the Federal Correctional Institution in Otisville, New York ("Otisville") and deliberately indifferent to his serious medical needs when he broke his ankle in a fall while incarcerated Otisville. Plaintiff asserts the following claims against Defendants: (1) a *Bivens* claim for violation of his Eighth Amendment rights[1]; (2) a negligence claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680; and (3) a medical malpractice FTCA claim.[2] Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 24),[3] as well as Plaintiff's motion for leave to amend his complaint (ECF No. 21). For the following reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's

---

[1] *See Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").

[2] By Order dated September 16, 2014, this Court dismissed Plaintiff's claims against Defendant Warden Hufford of Otisville and the United States Bureau of Prisons ("BOP"). *See* ECF No. 7. Additionally, the Court construed the Complaint to allege claims under the FTCA, which required adding the United States as a defendant. *Id.*

[3] Defendants do not appear to be moving on Plaintiff's negligence FTCA claim.

Copies mailed/faxed 2/3/2016
Chambers of Nelson S. Román, U.S.D.J.

motion to amend is DENIED.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's complaint (the "Complaint") (ECF No. 1) unless otherwise noted and are accepted as true for the purposes of these motions.

On June 28, 2013 at approximately 6:05 a.m., Plaintiff, while incarcerated at Otisville, stepped out of his cell at the direction of Officer Adam Engualden. (Compl. at 3.) Plaintiff took a few steps, slipped, and fell onto the floor hitting his head, lower back, right ankle, and right wrist. (*Id*.) Plaintiff was able to stand up a few seconds later but could not walk. (*Id*.) Plaintiff contends that he slipped on a puddle caused by leaks from broken windows. (*Id*. at 4.)

Plaintiff alleges that Inmates Franklin Sanchez and Bertram Alexander observed the incident; Corrections Officer J. Torres observed puddles of water on the floor close to where Plaintiff slipped; and Corrections Officer Deleo was aware of the puddles and indicated he would put in a work order to fix the broken windows. (*Id*. at 3.)

Though Plaintiff required immediate medical attention, pain medication, use of a wheel chair, x-rays, MRIs, CAT scans, and a lower tier cell, he contends he received no pain medication and little medical attention. (*Id*.) In particular, x-rays were not taken until 5 days after Plaintiff's fall; he did not undergo an MRI or CAT scan; he received a broken wheel chair 8 days after the accident; and his ankle was put in a cast 11 days after the accident. (*Id*.)

The Complaint alleges that Plaintiff filed a grievance relating to both his medical treatment and the damages windows. (*Id*. at 4.) Plaintiff's grievance was denied, and the Complaint notes that he appealed that decision by filing a tort claim. (*Id*.)

The Declaration of Adam M. Johnson ("Johnson Decl.") filed in support of Defendants' motion to dismiss attaches Plaintiff's various grievances. (Johnson Decl., Exs. A–E.) On July 8,

2013, Plaintiff filed a BP-8 Form as part of the Administrative Remedy Program alleging that he was subjected to cruel and unusual punishment as well as inadequate medical treatment and attention. (*Id*. at Ex. A.) Plaintiff did not wish to informally resolve his grievance and requested a BP-9 Form to elevate his grievance. (*Id*.) Plaintiff's appeal was denied by the Regional Director on September 11, 2013. (*Id*. at Ex. C.) On July 14, 2014, Plaintiff's appeal again was rejected by National Inmate Appeals. (*Id*. at Ex. D.) Plaintiff separately filed an administrative claim, dated July 3, 2013, with BOP's Northeast Regional Office, which was denied on January 10, 2014. (*Id*. at Ex. E.)

## MOTION TO DISMISS STANDARDS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.,* 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint, *Conyers v. Rossides,* 558 F.3d 137, 143 (2d Cir. 2009), but "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits . . . ." *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir. 2000).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A

3

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.  Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010).  A court should accept non-conclusory allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008).  "[T]he duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir. 1998)).

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*."  *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL 3357171 (S.D.N.Y. July 3, 2013); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  The court should read *pro se* complaints "to raise the strongest arguments that they suggest."  *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).  Even so, "pro se plaintiffs . . . cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level."  *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (internal quotation marks omitted).  Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it."  *Geldzahler v. N.Y.*

4

*Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

When ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation omitted). Courts also may consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). One way a document may be deemed incorporated by reference is where the complaint "refers to" the document. *EQT Infrastructure Ltd. v. Smith,* 861 F. Supp. 2d 220, 224 n.2 (S.D.N.Y. 2012). "Where . . . 'exhaustion of administrative remedies is a prerequisite to bringing suit, a court may take judicial notice of the records and reports of the relevant administrative bodies, as well as the facts set forth therein.'" *Zappulla v. Fischer,* No. 11-cv-6733 (JMF), 2013 WL 1387033, at * 1 (S.D.N.Y. Apr. 5, 2013) (quoting *Wilson v. N.Y.C. Police Dep't*, No. 09-cv-2632 (PAC) (HBP), 2011 WL 1215031, at *6 (S.D.N.Y. Feb. 4, 2011)).

## DISCUSSION

**I.     *Bivens* Claims**

In his opposition brief, Plaintiff appears to withdraw his *Bivens* claims.[4]  (Motion for

---

[4] Plaintiff's opposition brief contains the following language: "Despite the fact the Plaintiff strongly feels the inadequate and inappropriate medical care [Defendants] gave rises to the level of deliberate indifference, and despite the fact that Plaintiff feels their actions were, at best, unprofessional, he does concede that the Biven's claims against them are likely to fail.  Plaintiff, therefore, does not challenge the affirmative defenses brought against the Bivens claims in this complaint." (Pl.'s Opp. at 7.)  While merely declining to challenge a defendant's affirmative defenses does not constitute withdrawal of a claim, an acknowledgement that a claim is "likely to fail," even made begrudgingly, would seem to indicate a plaintiff had withdrawn that claim.  However, out of an abundance of caution, the Court still will address the merits of the *Bivens* claim.

Leave to Amend and Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp.") at 7.) Nevertheless, in light of Plaintiff's *pro se* status, the Court finds it appropriate to analyze Plaintiff's *Bivens* claim. *Bivens* provides "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). In this case, Plaintiff's assertion that he was provided inadequate medical care implicates his constitutional rights under the Cruel and Unusual Punishments clause of the Eighth Amendment. *Est v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009) (citing *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996)). An Eighth Amendment claim of inadequate medical care requires a demonstration of "deliberate indifference to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Defendants advance two primary arguments in support of their motion to dismiss Plaintiff's *Bivens* claim: (1) Plaintiff failed to exhaust his administrative remedies as required under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e *et seq*. ("PLRA") with respect to his claim against Sommer, and (2) Baker is entitled to absolute immunity as an employee of the Public Health Service. (Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint ("Defs.' Mot.") at 1.)

### A. Failure to Exhaust Administrative Remedies

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life . . . ." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see* 42 U.S.C. § 1997e ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") "Failure to exhaust may be excused only where (1) administrative remedies were not in fact available; (2) prison officials have forfeited, or are

estopped from raising, the affirmative defense of non-exhaustion; or (3) 'special circumstances ... justify the prisoner's failure to comply with administrative procedural requirements.'" *Adekoya v. Fed. Bureau of Prisons*, 375 F. App'x 119, 121 (2d Cir. 2010) (quoting *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir.2004) (internal quotation marks omitted)).

A prisoner is required "to exhaust *every* claim he wishes to assert prior to filing a claim in district court." *Hernandez v. Coffey*, No. 99-cv-11615 (WHP), 2003 WL 22241431, at *2 (S.D.N.Y. Sept. 29, 2003) (collecting cases); *Verley v. Goord*, No. 02-cv-1182, 2004 WL 526740, at *27 (S.D.N.Y. Jan. 23, 2004) ("A prisoner must completely exhaust the administrative remedies to the highest level for each claim he seeks to present."); *Petty v. Goord*, No. 00-cv-803 (MBM), 2002 WL 31458240, at *4 (S.D.N.Y. Nov. 4, 2002) ("allegations in the complaint that were not mentioned in [prior] grievance are barred by section 1997e(a)") (citing *Williams v. Muller*, No. 98-cv-5204, 2000 U.S. Dist. LEXIS 5286, at *8 (S.D.N.Y. Apr. 25, 2000)). "This Circuit has expressly stated that, '[i]n order to exhaust . . . inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive steps.'" *Strong v. Edwards*, No. 05-cv-0104 (PAC), 2005 WL 2542910, at *4 (S.D.N.Y. Oct. 11, 2005) (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) (quotation and citation omitted)).

An inmate in the custody of Otisville is required to avail himself of BOP's Administrative Remedy Program prior to filing a *Bivens* claim. *See generally* 28 C.F.R. § 542; *Macias v. Zenk*, 495 F.3d 37, 42 (2d Cir. 2007) (outlining multi-step program to exhaust claims). First, the inmate must present the issue informally to staff utilizing a "BP-8" form. Second, if the complaint is not resolved informally, an inmate must submit a formal written Administrative Remedy Request to the Warden on a "BP-9" form within 20 days of the event(s) underlying the

complaint. 28 C.F.R. § 542.14(a). In the case an inmate's formal request is denied, he may submit an appeal via a "BP-10" form to the BOP Regional Director. *Id*. § 542.15(a). Finally, an inmate, if issued a negative decision by the Regional Director, may appeal within thirty days to the General Counsel's office. *Id*.

While Plaintiff submitted BP-8, BP-9, BP-10, and BP-11 forms (the "BP Forms") in which he contends that he received inadequate medical treatment subsequent to his fall, (*see* Declaration of Adam M. Johnson ("Johnson Decl.") Exs. A–D), none of the forms contain any reference to Sommer. A review of the BP Forms reveals that his complaints regarding inadequate medical treatment center on the conduct of Baker. (Johnson Decl. Exs. A–D.) Defendants assert, and the Court agrees, that Plaintiff's failure to mention Sommer in these forms warrants dismissal of Plaintiff's *Bivens* claim against her. *See Skyers v. United States*, No. 12-cv-3432, 2013 WL 3340292, at *8 (S.D.N.Y. July 2, 2013) (citing *Collins v. Goord*, 438 F. Supp. 2d 399, 413 (S.D.N.Y. 2006) (dismissing claims against specific defendants for failure to exhaust because the "grievance does not name or even allude generally to defendants.").

### B. Absolute Immunity

In *Hui v. Castaneda*, the Supreme Court held that 42 U.S.C. § 233(a) "precludes *Bivens* actions against individual [Public Health Service] officers or employees for harms arising out of conduct described in that section." 559 U.S. 799, 812 (2010). Conduct set forth in Section 233(a) includes "damage for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions." 42 U.S.C. § 233.

Though not referenced by name in the Complaint, Baker is singled out in the BP Forms as an individual that provided Plaintiff with inadequate medical treatment. It is uncontested that Baker was serving as a PHS employee in her capacity as a Health Services Officer at the time

Plaintiff claims that Baker provided him with inadequate medical treatment. Even if this Court were to construe the allegations in the Complaint as containing any reference to Baker, "such allegations are directed at the performance of medical functions and within the scope of [Baker's] employment. Therefore § 233(a) of the PHSA bars [Plaintiff] from bringing such claims under *Bivens* against [Baker]." *Adekoya v. Holder*, 751 F. Supp. 2d 688, 694 (S.D.N.Y. 2010).

Having concluded that Plaintiff failed to exhaust his administrative remedies with respect to his claim against Sommer and that Baker is entitled to absolute immunity, the Court accordingly dismisses Plaintiff's *Bivens* claims.

## II.  FTCA Claims

The Court finds that the Complaint seeks to assert FTCA claims premised upon (1) medical malpractice and (2) negligence. While Defendants seeks dismissal of the medical malpractice FTCA claim, they do not appear to contest the validity of the negligence FTCA claim at this stage of the litigation. With respect to the medical malpractice FTCA claim, Defendants assert two grounds for dismissal: (1) Plaintiff failed to exhaust the appropriate administrative process, and (2) Plaintiff failed to state a claim.

It is beyond cavil that the principle of sovereign immunity shields the United States from being sued without its consent and that "the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 564 U.S. 206, 212 (1983). *See also FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004). In the FTCA, Congress waived sovereign immunity for suits arising from injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [her] office or employment." 28 U.S.C. § 1346(b)(1). A suit against the United States is the

9

exclusive remedy for a suit for damages for such injury or loss of property. 28 U.S.C. § 2679(b)(1). This waiver of sovereign immunity must be "strictly construed in favor of the government." *Akutowicz v. United States*, 859 F.2d 1122, 1125 (2d Cir. 1988) (quotation and citation omitted).

"Before an action may be filed under the Federal Tort Claims Act, an administrative claim must be presented to the federal agency employing the person whose act or omission caused the injury." *Valdez v. United States*, No. 08-cv-4424, 2009 WL 2365549, at *5, n.7 (S.D.N.Y. July 31, 2009). "Presentation of an administrative claim to the appropriate agency is a jurisdictional prerequisite to suit." *Id*. (citing 28. U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by  . . . mail.")). A claimant must "exhaust all administrative remedies before filing a complaint in federal district court." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). The agency has up to six months to respond to a claim, and if there is no response after six months, the claim can be assumed denied, and plaintiff can file an action in district court. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 543.32(1); *Bakowski v. Hunt,* 150 F. App'x 19, 21 (2d Cir. 2005); *Cuello v. Lindsay,* No. 09-cv-4525 (KAM) (MDG), 2011 WL 1134711, at *10 (E.D.N.Y. Mar. 25, 2011). The administrative exhaustion requirement is "jurisdictional and cannot be waived." *Celestine,* 403 F.3d at 82 (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). Notably, the FTCA's presentment process is separate and distinct from the exhaustion requirement under the PLRA. *Owusu v. Fed. Bureau of Prisons*, No. 02-cv-0915 (NRB), 2003 WL 68031, at *2 (S.D.N.Y. Jan. 7, 2003) ("The

exhaustion procedures under the two statutes differ and the fulfillment of one does not constitute satisfaction of the other.").

A plaintiff's administrative tort claim "must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) (citing *Keene Corp. v. United States*, 700 F.2d 836, 842 (1983)). In this case, Defendants assert that Plaintiff failed to exhaust his medical malpractice claim brought under the FTCA because his Form SF-95 only contains descriptions of the circumstances surrounding his fall—which would substantiate a negligence claim—and not his subsequent medical treatment. (Defs.' Mot. at 15.) Plaintiff contends, on the other hand, that Defendants were in a position to "ascertain a theory of negligent medical care based on the paperwork in their possession."[5] (Pl.'s Opp. at 5.) In support of this proposition, Plaintiff cites *Johnson by Johnson v. United States*, 788 F.2d 845 (2d Cir. 1985) and *Lopez v. Zenk*, No. 08-cv-4601 (RJD), 2008 WL 3285895 (E.D.N.Y. Aug. 8, 2008)—both of which are distinguishable from the instant action. In *Johnson by Johnson*, the Second Circuit held that an administrative claim stating the injury's cause, the name of the offending employee, and the date and location of the attack furnished the agency with sufficient facts "to enable it to investigate the matter." 788 F.2d at 849. The court noted that "[a]lthough the claim supplied no facts evidencing negligent supervision and did not allege all the factual elements of such a theory of liability, a reasonably thorough investigation of the incident should have uncovered any pertinent information in the government's possession . . . ." *Id.* Here, however, the facts alleged in Plaintiff's Form SF-95

---

[5] Plaintiff additionally argues that Defendants were on notice of his medical malpractice claim vis-à-vis Plaintiff's grievances outlined in the BP Forms. However, these forms "do not establish exhaustion under the FTCA; rather they constitute BOP Administrative Remedy Program forms used to exhaust remedies for *Bivens* claims, pursuant to the PLRA." *Fiore v. Medina*, No. 11-cv-2264 (RJS), 2012 WL 4767143, at *7, n.5 (S.D.N.Y. Sept. 27, 2012) (citation omitted). As stated above, the exhaustion procedures for FTCA claims are distinct from those procedures for PLRA claims. *See Owusu*, 2003 WL 68031, at *2.

are insufficient to enable the agency to investigate a medical malpractice claim because Plaintiff only describes the circumstances surrounding his fall, the injury sustained from the fall, and the cause of the water leak. *Zenk* is distinguishable because the grievance in that case, unlike Plaintiff's grievance, made reference to plaintiff's receipt of medical treatment. 2008 WL 3285895, at *3. In that case, the court found that plaintiff's statement that he was treated at the Downstate Hospital Emergency Room furnished BOP with information sufficient to conduct an investigation and uncover a potential medical malpractice claim. *Id*. In contrast, Plaintiff's grievance only contains a description of his injuries and pain. The Form SF-95 is silent as to whether Plaintiff even sought treatment for his injuries.

"Claiming an injury is not at all the same thing as claiming a deprivation of adequate medical treatment; an injury does not imply a wrongful denial of medical treatment." *Turkmen v. Ashcroft*, No. 02-cv-2307 (JG), 2006 WL 1662663, at *54 (E.D.N.Y. June 14, 2006) *aff'd in part, vacated in part, remanded*, 589 F.3d 542 (2d Cir. 2009) (citing *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (affirming dismissal of claim of inadequate medical care for failure to exhaust where "[a]lthough [plaintiff] described the injuries he sustained and the physical effects-including the recurrent seizures-that he suffered, he stated no facts suggesting that the prison medical staff had treated him inappropriately.")). The Court declines to adopt a standard that would require agencies to investigate potential medical malpractice in every instance in which an individual alleged a physical injury. Accordingly, the Court dismisses Plaintiff's FTCA claim premised upon medical malpractice because Plaintiff failed to exhaust his claim.

**III.     Leave to Amend**

Plaintiff's opposition brief seeks leave to amend the Complaint. (Pl.'s Mot. at 1.) "'Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Mattima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citation omitted)). "'A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Nielsen*, 746 F.3d at 62 (quoting *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) (internal brackets and quotation marks omitted)). "However, 'leave to amend a complaint may be denied when amendment would be futile.'" *Nielsen*, 746 F.3d at 62 (quoting *Tocker v. Philip Morris Cos.,* 470 F.3d 481, 491 (2d Cir. 2006)).

An amendment of an FTCA claim is futile when a plaintiff fails to exhaust his administrative remedies. *See Dockery v. Tucker*, No. 97-cv-3584 (ARR), 2007 WL 5303009, at *17 (E.D.N.Y. Dec. 5, 2007) *report and recommendation adopted in part*, No. 97-cv-3584 (ARR) (RLM), 2008 WL 2673307 (E.D.N.Y. June 26, 2008); *see also Funches v. Reish*, No. 97-cv-7611 (LBS), 1998 WL 695904, at *9–10 (S.D.N.Y. Oct. 5, 1998) (limiting plaintiff's leave to amend his complaint to only that claim that was set forth in plaintiff's Administrative Tort Claim). Having concluded that Plaintiff failed to exhaust his administrative remedies with respect to the medical malpractice FTCA claim, the Court denies Plaintiff leave to amend the Complaint with respect to that claim. As for the negligence FTCA claim, Plaintiff fails to delineate the nature of his proposed amendments. Indeed, Plaintiff merely states in conclusory fashion that he seeks leave to amend "his complaint to more fully state his claims for relief."

(Pl.'s Opp. at 1.) Because the Court cannot assess the potential futility of Plaintiff's proposed amendments, the Court accordingly denies Plaintiff's motion to amend without prejudice to renew upon a proper showing of the proposed amendments.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and Plaintiff's motion to amend the Complaint is DENIED without prejudice. Plaintiff's *Bivens* claim and medical malpractice FTCA claim are dismissed. Defendants are directed to file an answer to the remaining claim within 30 days hereof. The parties are directed to appear for an initial pre-trial conference on March 22, 2016 at 10:00 a.m. Defendants are directed to appear in person. Defendants' counsel shall make arrangements with the appropriate correctional facility for Plaintiff to appear via telephone conference. Defendants shall bring a completed case management plan to the March 22 conference. The Court respectfully directs the Clerk to terminate the motions at ECF Nos. 21 and 24.

Dated:   February 3, 2016          SO ORDERED:
        White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge