USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/3/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIRGILIO JIMENEZ,

                Plaintiff,

-against-

M.D. DIANE SOMMER, *et al.*,

                Defendants.

No. 14-cv-5166 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff has moved for reconsideration of this Court's February 3, 2016 Opinion and Order (the "Motion to Dismiss Opinion," ECF No. 35). (*See* ECF No. 38.) In particular, Plaintiff seeks reconsideration of this Court's determination to dismiss Plaintiff's *Bivens* claim asserted against Defendant Sommer in light of the Supreme Court's holding in *Jones v. Bock*, 549 U.S. 199 (2007) (hereinafter, "*Jones*"). For the reasons that follow, Plaintiff's motion for reconsideration is GRANTED.

## LEGAL STANDARD

    Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). "The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict." *Targum v. Citrin Cooperman & Company, LLP*, No. 12-cv-6909 (SAS), 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire*

Copies mailed/faxed 6/3/2016
Chambers of Nelson S. Román, U.S.D.J.

*Ins. Co. of Pittsburgh, PA v. Stroh Cos.,* 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press,* No. 97-cv-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'"). They "'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys,* 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig,* 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-cv-3430, 05-cv-4759, & 05-cv-4760, 2006 WL 1423785, at *1 (2d Cir. 2006).

## DISCUSSION

As an initial matter, Defendants assert that Plaintiff's motion for reconsideration should be denied as untimely. Local Civil Rule 6.3 provides that a notice of motion for reconsideration "shall be served within fourteen (14) days after entry of the Court's determination of the original motion . . . ." Here, Plaintiff's motion was served 47 days after the Court issued the Motion to Dismiss Opinion—well past the appropriate period to seek reconsideration. Nevertheless, the Court finds that the interests of justice warrant the Court's consideration of Plaintiff's motion, particularly in light of Defendants' failure to alert the Court to case law adverse to their position.

Plaintiff contends that the Supreme Court's decision in *Jones* warrants reconsideration of Plaintiff's *Bivens* claim against Defendant Sommer. In *Jones*, the Supreme Court held that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that

define the boundaries of proper exhaustion." 549 U.S. at 218.  Therefore, "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219.  Subsequently, the Second Circuit had the occasion to address the exhaustion requirements of New York's grievance procedures in *Espinal v. Goord*, 558 F.3d 119 (2d Cir. 2009).  In *Espinal*, the plaintiff filed a grievance alleging that he was beaten by two named officers and "other countless security officers." 558 F.3d at 122.  The defendants challenged the sufficiency of the grievance with respect to the unnamed officers; however, the Second Circuit determined that since the plaintiff's grievance "included the specific date, time, and location of the incident about which he complained" and stated "that he was beaten for retaliatory reasons," those "allegations provided enough information to '"alert the prison to the nature of the wrong for which redress [was] sought . . . .'" 558 F.3d at 127 (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002))).  Further, the grievance enabled the prison to investigate and address the complaint. 558 F.3d at 127.  Because the "prison officials had the necessary information to investigate the complaints and the opportunity to learn which officers were involved in the alleged incident," the plaintiff's "grievance was sufficient to advance the 'benefits of exhaustion.'" *Id.* (quoting *Jones*, 549 U.S. at 219).[1]

In the present case, even though Plaintiff's prison grievance details only conduct attributable to Defendant Baker, on reconsideration, it appears that the grievance was sufficient to impart the necessary information on prison officials to investigate Plaintiff's complaints and learn about the involvement of Defendant Sommer.  While the Bureau of Prison's grievance

---

[1] In *Jones*, the Supreme Court "identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." 549 U.S. at 219.

regulations do not require a prisoner's grievance to specifically name all potential, future defendants, the inmate must provide "requested identifying information." 28 C.F.R. § 542.14(c). Additionally, Form BP-8 directs a prisoner to detail the "specific issue needing resolution" and asks that the prisoner "[e]xplain the issue in detail." Here, Plaintiff's prison grievance details only the conduct of Defendant Baker, specifically, the alleged insufficiency of the medical treatment she provided to Plaintiff. (ECF No. 35 at 8.) However, Plaintiff now brings to the Court's attention the prison warden's response to Plaintiff's grievance. (Plaintiff's Reply Memorandum of Law in Support of Motion for Reconsideration ("Reply"), ECF No. 50, at 7.) In the warden's response, he describes steps taken by the Clinical Director—Defendant Sommer—to address Plaintiff's medical issues. (ECF No. 26-2 at 2.) From the warden's response, it is evident that prison officials were aware of Defendant Sommer's involvement in Plaintiff's medical treatment. While the Court is not of the opinion that in every instance in which a prisoner grieves improper medical treatment that such a grievance should be interpreted to sufficiently exhaust claims against all prison staff in the medical unit, including supervisors of the medical unit, in this case, it appears that Plaintiff's grievance equipped prison officials with information sufficient to enable them to investigate Plaintiff's complaints and learn of Defendant Sommer's involvement. Accordingly, Plaintiff's *Bivens* claim against Defendant Sommer should not have been dismissed on exhaustion grounds.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is GRANTED. Plaintiff's *Bivens* claim against Defendant Sommer is reinstated. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 38.

Dated: June 3, 2016                 SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge